No. 3238

Second Circuit

---

FIRST NAT'L BANK OF WINNFIELD v. GUYNES ET AL.

---

(January 21, 1929. Opinion and Decree.)
(March 12, 1929. Rehearing Refused.)

---

John J. Peters, of Winnfield, attorney for plaintiff, appellee.

Eugene Beck and Harry Fuller, of Winnfield, attorneys for defendants, appellants.

ODOM, J. On June 5, 1926, A. D. Potts drew his check on the Bank of Winnfield for the sum of $400.00, payable to G. R. Robinson. Subsequently, the said Robinson, to whose order the check was drawn presented same to the Bank of Winnfield, on which it was drawn, and payment thereof was refused. He then took the check to the First National Bank of Winnfield, plaintiff herein, which bank paid him the amount thereof after the same had been endorsed by him, and also by the said F. A. Guynes. The check was then presented to the Bank of Winnfield, on which it was drawn, and payment was refused, whereupon the plaintiff bank brought this suit against A. D. Potts, the drawer of the check, and against Robinson, the payee, and against Guynes, the endorser. Before the trial, Robinson absconded and Guynes was adjudged a bankrupt. There was judgment against the other defendant, Potts, for the full amount of the check and he has appealed.

OPINION

The defense is that the plaintiff bank is not the holder of the check in due course. This contention is based upon the fact that, previous to the payment of the check by the plaintiff bank to Robinson, the payee, an officer of the Bank of Winnfield, on which the check was drawn, notified the Cashier of the plaintiff bank that payment of the check had been refused by his bank. It is contended that the check was given by Potts without consideration and that the plaintiff bank, having been notified that payment of the check had been refused, is charged with knowledge of the defects of the instrument and is therefore not a holder in due course, and cannot recover against the maker.

We are not impressed with the argument of counsel on this point. The facts are that the check was given for a good and valid consideration. It seems that the Cedar Creek Petroleum Company, Incorporated, owned leases on a block of land situated in the Urania Oil Field, and was at the time drilling a well. Robinson was interested in the Company and was in active charge of the drilling. The Company ran short of funds and, in order to obtain money with which to pay Robinson his salary, authorized him to transfer some of the leases which it held. Potts, the maker of the check, agreed to purchase a lease of 40 acres of this land, at $10.00 per acre. The Company authorized Robinson in writing to transfer the lease to Potts. Potts demanded time in which to satisfy himself that the title to the property was good. In the meantime, in order to get money into the Bank of Winnfield with which to pay for the lease, Potts drew his check on the Olla State Bank, in favor of the Bank of Winnfield. The Bank of Winnfield forwarded this check to the Olla State Bank and in return received from said bank a cashier's check, payable to the Bank of Winnfield. The parties agreed that the Bank of Winnfield should hold this money and the assignment of the lease in escrow, pending the investigation of the title to the land by Potts, it being understood that in case Potts approved the title, then the lease should be delivered to him and the money delivered to Robinson, who represented the Cedar Creek Petroleum Company, Incorporated, as agent. At the time the check was drawn and paid by the plaintiff bank to Robinson, the escrow agreement had not been finally completed and, for that reason, the Bank of Winnfield, on which the check was drawn, refused to pay it.

It is not contended that Robinson, the payee of the check, was not entitled to receive the money which Potts agreed to pay for the lease. The record discloses that both the assignment of the lease and the $400.00, belonging to Potts, are now in the Bank of Winnfield. However, Potts, it seems, has left the country and has made no effort whatsoever to close the deal. The testimony shows that Potts told Bryan, the president of the plaintiff bank, that he would pay the check and the record discloses no reason why he should not do so. The fact that the deal was not finally closed and the money finally deposited to his credit in the Bank of Winnfield is due entirely to his own fault. The maker of a negotiable instrument by making it engages that he will pay it according to its tenor. He has no legal defense to make against his obligation to pay the check. The plaintiff bank paid full value therefor and Potts must respond to it.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed, with costs in both courts.